UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ralph Musilli, *et al.,*

      Plaintiffs,

v.                              Case No. 06-11992

George A. Googasian, *et al.*,        Honorable Sean F. Cox

      Defendants.
_____/

**OPINION & ORDER**

      In this action, two attorneys, Ralph Musilli and Walter Baumgardner ("Plaintiffs"), assert claims against the Googasian Firm, P.C., and two of its attorneys (collectively referred to as "the Googasian Defendants"), and Judge Fred M. Mester of Oakland County Circuit Court ("Judge Mester"). Plaintiffs' claims relate to events that took place in a state court action before Judge Mester, that involved the Googasian Defendants. The following motions are currently pending before the Court: 1) a motion filed by Plaintiffs, seeking to deposit funds under Fed. R. Civ. P. 22; 2) a motion seeking to dismiss all claims against Judge Mester pursuant to Fed. R. Civ. P. 12(b)(6); 3) a motion seeking to dismiss all claims against the Goosgasian Defendants pursuant to Fed. R. Civ. P. 12(b)(6); and 4) a motion filed by the Googasian Defendants seeking sanctions under Fed. R. Civ. P. 11. For the reasons that follow, the Court shall deny Plaintiffs' motion seeking to deposit funds with the Court and shall grant Defendants' Motions to Dismiss. The Court shall also grant the Googasian Defendants' Motion for Rule 11 Sanctions, but will require further briefing before sanctions are imposed.

1

**BACKGROUND**

Plaintiffs were shareholders in the law firm of Musilli, Baumgardner, Wagner & Parnell, P.C. ("MBWP").  An attorney named Warren Droomers ("Droomers")  filed suit against MBWP regarding a dispute over a contingent fee of more than one million dollars that MBWP received in a personal injury case. Droomers[1] filed suit asserting that MBWP either owed him a one-third contingency referral fee or, in the alternative, quantum meruit for legal services he performed on the case.  The Googasian Defendants represented, and continue to represent, Droomers in the state court action.

During the course of the litigation, Droomers filed a "motion for relief under the Uniform Fraudulent Transfer Act" (UFTA), M.C.L. §566.31 *et seq*.  In that motion, Droomers asserted that MBWP violated the UFTA by failing to set aside approximately $350,000 for him after it received the contingency fee and that it improperly transferred the money from the firm to its shareholders.  Droomers asserted that the transfer would make it difficult or impossible for him to ultimately collect on his claim and asked Judge Mester to require MBWP to escrow the money into a separate escrow account.  Judge Mester granted the motion on December 20, 2002, ordering MBWP to pay approximately $350,000 into an escrow account and refrain from transferring any assets out of the firm until it had done so.  Nevertheless, it is undisputed that MBWP never escrowed the funds.

After a bench trial that concluded in May, 2003, the court found in favor of Droomers with respect to his quantum meruit claim and awarded him $240,000 plus costs and statutory interest.  On October 10, 2003, Droomers filed an "exparte motion for order to show cause why

---

[1]After Mr. Droomers's death, his estate maintained the action.

2

[MBWP] and its agents, officers and attorneys Ralph Musilli, Walter Baumgardner and John Parnell should not be held in contempt for failing to comply with the court's [order requiring the escrow account.]"

On December 5, 2003, Judge Mester found Plaintiffs in contempt of court and ordered them to appear on December 17, 2003, for a determination of the fines and damages caused by their contempt. A written contempt order was then entered sentencing Plaintiffs, and another individual not a party to this case (Parnell), to thirty days in jail for flagrantly disregarding the court's December 20, 2002 order.

Plaintiffs appealed the contempt order and the Michigan Court of Appeals affirmed the finding of contempt but remanded for clarification regarding whether the trial court meant to impose sanctions for criminal or civil contempt. *Droomers v. Parnell*, *et al.*, No. 253455 (Mich. App. June 30, 2005), attached as Ex. A to the Googasian Defs.' Motion to Dismiss.

Upon remand, Judge Mester ruled that Plaintiffs were in criminal contempt, that they had caused damages, and determined the amount of the damages. The order also required Plaintiffs to report to the Oakland County jail on February 1, 2006. (*See* Compl. at Ex. 1).

Plaintiffs allege that "in the face of immediate incarceration at 5:00 p.m. of that day, the Plaintiffs entered into a settlement agreement with Defendant attorneys, on their representation the judgment and sentence would be vacated." (Compl. at ¶ 23). One of the conditions of the settlement agreement (*see* Compl. at Ex. 2) is that Droomers and Plaintiffs would request an order from Judge Mester dismissing the criminal contempt judgment. The settlement agreement provided that if Judge Mester refused to dismiss the criminal contempt judgment, the settlement agreement would be void *ab initio*. The parties further agreed that if Plaintiffs did not remit

3

payment as required by the settlement agreement, the dismissal of the criminal contempt would be reinstated immediately.

After the parties executed the settlement agreement, Judge Mester apparently vacated the criminal contempt judgment relating to Plaintiffs. Plaintiffs, however, failed and refused to make the payments required of them under the agreement. Rather, on May 1, 2006, Plaintiffs filed suit against the Googasian Defendants and Judge Mester in this Court, based upon federal question jurisdiction, 28 U.S.C. §1331. Plaintiffs' complaint contains two counts: "Extortion" (Count I), brought under M.C.L. §750.213; and a claim under 42 U.S.C. §1983 (Count II).

Standard of Review

Defendants bring their motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Moon v. Harrison Piping Supply, et al.*, __ F.3d __ (6th Cir. Sept. 28, 2006)(citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001)). Dismissal is only proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitled him to relief. *Id.*

## ANALYSIS

### A.   **Plaintiffs' Motion to Deposit Funds Under FED. R. CIV. P. 22**

On May 4, 2006, Plaintiffs filed a "Motion under FRCP 22," stating that in order to "avoid the argument that the Plaintiffs are merely attempting to avoid their financial obligations, the Plaintiffs request permission to interplead Defendants' claims under the Settlement Agreement and pay $200,000.00 into the court under FRCP 22." (Pls.' Motion at 2). The brief that Plaintiffs submitted in support of their motion states, in its entirety, that "[t]he request for

4

relief set forth in Plaintiff's [sic] motion is based on FRCP 22 and the case law." (Pls.' Br. at 1). Defendants did not file a response to the motion.

The federal interpleader rule, FED. R. CIV. P. 22, allows a party to join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability. *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997). This rule permits a stakeholder who has no claim to the money, and is willing to release it to the rightful claimant, to deposit the money in dispute with the court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund. *Id.*

Here, Plaintiffs do not assert that they may be exposed to multiple liability with respect to the funds they wish to deposit, nor do they assert that they have no claim to the money and are willing to release it to the rightful claimant. Rather, Plaintiffs simply assert that they wish to deposit the money in order to avoid an argument that Plaintiffs filed this lawsuit to avoid their financial obligations. Plaintiffs have provided the Court with no authority whatsoever that would authorize such action under FED. R. CIV. P. 22. This motion will therefore be denied.

**B.    Defendants' Motions to Dismiss**

As discussed below, Plaintiffs' claims against Judge Mester and the Googasian Defendants must be dismissed.

1.    All Claims Against Judge Mester Must Be Dismissed Because He Is Entitled To Judicial Immunity.

It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their duties. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Judicial immunity does not apply if: 1) the judge's activities were "non-judicial" in nature; or 2) if the judge's actions were performed "without **any** jurisdiction to do so." *Id.* (Emphasis added).

5

Plaintiffs acknowledge that Judge Mester acted only in a judicial capacity. In opposing Judge Mester's Motion to Dismiss, however, Plaintiffs assert that Judge Mester is not entitled to judicial immunity because he acted without jurisdiction. Plaintiffs assert that Judge Mester lacked jurisdiction to enter the damage award for two reasons: 1) upon remand by the Michigan Court of Appeals, Judge Mester had limited jurisdiction and could only clarify whether the contempt was civil or criminal (*i.e.*, he went beyond that jurisdiction when he issued a contempt judgment.); and 2) due to the bankruptcy filing by Plaintiffs' law firm, Judge Mester lacked jurisdiction over the contempt proceedings.

Plaintiffs's complaint, however, does not allege that Judge Mester acted without jurisdiction. Moreover, the Court concludes that any attempt to amend the complaint to include the above assertions as allegations would be futile.

"The Supreme Court has held that the term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." *Brookings*, 389 F.3d at 623. As such, a judge acts in the clear absence of jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides. *Id.* Acts done in the "clear absence of all jurisdiction" for which no immunity is afforded, must be distinguished from those actions that are simply "in excess of jurisdiction" which fall within the ambit of immunity protection. *Id.*

Here, even if Plaintiffs' assertion that Judge Mester acted in excess of the jurisdiction given to him upon remand were accepted as true, he would still be entitled to judicial immunity because he did not act "in the clear absence of all jurisdiction."

In addition, although Plaintiffs failed to apprise the Court of such actions, Judge Mester sought and obtained confirmation from the bankruptcy court that he had jurisdiction over the

6

contempt proceedings while the bankruptcy at issue was proceeding.  Thus, the bankruptcy court

issued an order expressly ruling that, despite the bankruptcy proceedings relating to Plaintiffs'

firms, Judge Mester had jurisdiction over contempt proceedings over Plaintiffs.  Accordingly,

any request by Plaintiffs to amend their complaint to include allegations that Judge Mester lacked

jurisdiction over the contempt proceedings due to the bankruptcy would also be futile.

Accordingly, all claims against Judge Mester must be dismissed because he is entitled to

judicial immunity.

2.     This Court Also Lacks Jurisdiction Over Plaintiffs' Claims Under The *Rooker-Feldman* Doctrine.

Under the *Rooker-Feldman* doctrine, a party losing in state court is barred from seeking

what in substance would be appellate review of the state judgment in a United states district

court, based on the losing party's claim that the state judgment itself violates the loser's federal

rights.  *Tropf v. Fidelity National Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002).  "The

*Rooker-Feldman* doctrine bars relitigation of claims raised in state-court proceedings as well as

claims that are 'inextricably intertwined' with the claims asserted there."  *Pieper v. American

Arbitration Association*, 336 F.3d 458, 460 (6th Cir. 2003).  In practice, this means that when

granting relief on the federal claim would imply that the state-court judgment on other issues was

incorrect, federal courts do not have jurisdiction.  *Id.*  The *Rooker-Feldman* doctrine applies not

only to state court judgments, but to all orders of a state court.  *Id*.

This Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because

Plaintiffs' claims challenge the state court's judgments and orders. In Count I, Plaintiffs assert

that "the Defendants, together and separately, **abused the inherent contempt power of the

court** and **forced the Plaintiffs to agree to pay money that they were never shown on the**

7

**record to owe**, with the threat and certainty of incarceration, together with the personal and professional consequences thereof." (Compl. at ¶ 25)(emphasis added). Similarly, Count II alleges that "the conduct on the part of the Defendants set forth above constitutes state action, in that the power of the state has been, and continues to be, applied against the Plaintiffs **to force them to pay money they have not been shown at hearing to owe.**" (Compl. at ¶ 29)(emphasis added). Granting relief on these claims would undoubtedly imply that the state court's contempt orders and judgments were incorrect. The claims are therefore inextricably intertwined with the state court proceedings and the Court lacks jurisdiction to review them.

> 3.  Even If The *Rooker-Feldman* Doctrine Did Not Bar This Court From Reviewing Plaintiff's Claims, The Court Would Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Claim.

In this action, Plaintiffs assert a federal claim (the §1983 claim) and a state law claim (the extortion claim under M.C.L. §750.213). As set forth above, all claims against Judge Mester must be dismissed based upon judicial immunity. In addition, Plaintiffs now acknowledge that their §1983 claim must be dismissed as to the Googasian Defendants because they are not state actors. Thus, the only claim that would remain in this action if the *Rooker-Feldman* doctrine did not apply is Plaintiff's state law extortion claim against the Googasian Defendants.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. §1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining

8

jurisdiction.

28 U.S.C. §1367(c).

In a recent decision, the Sixth Circuit addressed the issue of supplemental jurisdiction (also referred to as pendent jurisdiction) and reversed a district court's decision to exercise supplemental jurisdiction following dismissal of all federal claims in the case. *Moon v. Harrison Piping Supply, et al.*, __ F.3d __ (6th Cir. Sept. 28, 2006). In that case the Sixth Circuit noted that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Id.* (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Supplemental jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh concerns over needlessly deciding state law issues. *Id.*

This is clearly not such a case. Plaintiffs bring their extortion claim against Defendants pursuant to M.C.L. §750.213. As Defendants note, that is a criminal statute that contains no enumerated civil remedy. Plaintiffs acknowledge that there is no authority from Michigan courts regarding civil remedies being available for a violation of the statute (*see* Pls.' Resp. Br. at 16). Thus, Plaintiffs' state law extortion claim raises a novel issue of state law. Indeed, at the hearing, Plaintiffs' counsel acknowledged that their state law extortion claim is a "creative claim" based upon a "novel theory."

Accordingly, even if the *Rooker-Feldman* doctrine did not bar this Court from reviewing Plaintiffs' claims, the Court would decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim.

9

**C.**   **The Googasian Defendants' Motion for Rule 11 Sanctions**

The Googasian Defendants filed their Motion to Dismiss on May 22, 2006.  On that same date, they also served a copy of their Rule 11 Motion on Plaintiffs.  Defendants note that Rule 11's "safe harbor" period has since expired and the only claim that Plaintiffs have agreed to dismiss is the §1983 claim against the Googasian Defendants.  Defendants contend that Plaintiffs' claims have no basis in law or fact and therefore violate Rule 11.  Defendants contend that Plaintiffs filed this action as a tactic to delay proceedings in the state court matter, where they have requested that Judge Mester reinstate the contempt judgment, and assert that Plaintiffs filed this action in order to seek disqualification of Judge Mester.  Defendants request that the Court require Plaintiffs to pay their costs and attorney fees incurred in defending this frivolous action.  Defendants do not seek a specified amount of attorney fees and costs and did not attach any documentation regarding such costs.

Even when a district court dismisses an action on the ground that it lacked subject matter jurisdiction over it pursuant to the *Rooker-Feldman* doctrine, that court is still permitted to impose sanctions under FED. R. CIV. P. 11.  *Tropf*, 289 F.3d at 938.   Thus, the Court may impose sanctions under Rule 11 in this case.

Rule 11 requires that to the best of an attorney or unrepresented party's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," a complaint submitted to the court "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the "claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new

law." FED. R. CIV. P. 11(b). If an attorney or a party[2] violates these requirements, the district

court has the discretion to impose a sanction consisting of an order directing payment of some or

all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

FED. R. CIV. P. 11(c)(2); *Tropf*, 289 F.3d at 939.

    Here, the Googasian Defendants fully complied with Rule 11's "safe harbor" provision.

In response, Plaintiffs agreed to dismiss the §1983 claim against the Googasian Defendants but

would not dismiss the remaining claim despite the obvious application of the *Rooker-Feldman*

doctrine. Accordingly, the Court concludes that at least some type of Rule 11 sanction is

appropriate.

    In order to aid the Court in determining the appropriate sanction to be imposed, the Court

will require that the Googasian Defendants file a brief of no more than 5 pages by November 1,

2006, in which they state the amount of attorney fees they incurred in this action, with all

appropriate documentation attached. The Googasian Defendants shall also discuss whether they

are requesting that sanctions be imposed against Plaintiffs, Plaintiffs' counsel, or both, and

provide authority supporting that request. Plaintiffs shall file a Response Brief of no more than 5

pages by November 9, 2006. No Reply Brief shall be permitted.

    The Court notes that Judge Mester has not yet filed a motion seeking Rule 11 sanctions.

In his Motion to Dismiss, Judge Mester's counsel stated that a motion seeking sanctions would

be filed shortly. If Judge Mester intends to file a Rule 11 Motion, that motion must be filed by

November 1, 2006, and that motion, and any response to it, must comply with the above

---

    [2]"Monetary sanctions may not be awarded against a represented party for a violation of
subdivision (b)(2)."

11

requirements.

<u>**CONCLUSION AND ORDER**</u>

For the reasons set forth above, **IT IS ORDERED** that Plaintiffs' "Motion Under FRCP 22" [Docket Entry No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the motions to dismiss filed by Judge Mester [Docket Entry No. 8] and the Googasian Defendants [Docket Entry No. 13] are **GRANTED** and that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Googasian Defendants' Motion for Rule 11 Sanctions [Docket Entry No. 19] is **GRANTED.** To aid the Court in determining the appropriate sanctions to be issued, **IT IS ORDERED** that:

1) The Googasian Defendants shall file a brief supporting their request for Rule 11 sanctions by November 1, 2006;

2) Any motion seeking Rule 11 Sanctions by Judge Mester must be filed by November 1, 2006;

3) Plaintiffs' responses to the above briefs shall be filed by November 9, 2006; and

4) All briefs filed must be consistent with the requirements contained in this Opinion & Order.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 23, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2006, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager