UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ralph Musilli, *et al.,*

    Plaintiffs,

v.                                                                                  Case No. 06-11992

George A. Googasian, *et al.*,                           Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER

In this action, two attorneys, Ralph Musilli and Walter Baumgardner ("Plaintiffs"), asserted claims against the Googasian Firm, P.C., and two of its attorneys (collectively referred to as "the Googasian Defendants"), and Judge Fred M. Mester of Oakland County Circuit Court. Plaintiffs' claims relate to events that took place in a state court action before Judge Mester, that involved the Googasian Defendants. In an Opinion & Order dated October 23, 2006, this Court dismissed Plaintiffs' claims. The Court further indicated that it would grant sanctions under FED. R. CIV. P. 11, but requested further briefing from the parties before doing so. The parties have now fully briefed the issues. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, the Court shall impose sanctions of $3,000.00 against Plaintiff's counsel.

## BACKGROUND

1

The factual background of this matter is fully set forth in the Court's October 23, 2006 Opinion & Order Granting Defendants' Motions to Dismiss. In that Opinion & Order, this Court granted Motions to Dismiss brought by Defendants. The Court further indicated, with respect to a Motion for Sanctions under FED. R. CIV. P. 11 brought by the Googasian Defendants, that it would impose Rule 11 sanctions. The Court further indicated that any Rule 11 motion by Defendant Mester must be filed by November 1, 2006.

Defendant Mester filed a Rule 11 motion on October 31, 2006. Like the Googasian Defendants, Defendant Mester complied with Rule 11's "safe harbor" provision.

The Googasian Defendants request a total sanction award of $10,887.91, the total amount of attorney fees they incurred in this matter. They request that the Court sanction both Plaintiffs and Plaintiff's counsel.

Defendant Mester requests that the Court jointly sanction Plaintiff's counsel, Charles S. Rominger, who represented Plaintiffs in this matter and drafted and signed all the pleadings in this matter, and John Brennan, whose only involvement in this action was to help electronically file pleadings with the Court, in the amount of $9,080.00. Defendant Mester submitted an affidavit that indicates that the reasonable value of Defendant Mester's representation in this matter is $9,080.00.

## **ANALYSIS**

Rule 11 requires that to the best of an attorney or unrepresented party's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," a complaint submitted to the court "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the

"claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." FED. R. CIV. P. 11(b). If an attorney or a party violates these requirements, the district court has the discretion to impose sanctions. FED. R. CIV. P. 11(c)(2); *Tropf*, 289 F.3d at 939.

Here, Defendants fully complied with Rule 11's "safe harbor" provision. In response, Plaintiffs agreed to dismiss the §1983 claim against the Googasian Defendants but would not dismiss the remaining claims despite the obvious application of the *Rooker-Feldman* doctrine and entitlement of Defendant Mester to judicial immunity. The Court therefore concludes that Plaintiff's counsel violated FED. R. CIV. P. 11(b)(2) when he filed the complaint in this action and that some type of Rule 11 sanction is appropriate.

A sanction imposed for a violation of Rule 11 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(2). The sanction may consist of an order directing payment of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. *Id.*

Defendants collectively request a total of approximately $20,000.00 for the attorney fees they incurred in defending against this action. Under the circumstances presented here, however, the Court concludes that a sanction of $3,000.00 is sufficient to deter repetition of the violation of FED. R. CIV. P. 11(c)(2) in this case. The Court shall therefore impose a sanction of $3,000.00 against Plaintiff's counsel, Charles Rominger. One-half of that amount shall be paid to the Googasian Defendants and one-half of that amount shall be paid to Defendant Mester.

The Court declines to award sanctions against Plaintiffs, who were represented by

counsel in this action, because Rule 11 expressly provides that "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." FED. R. CIV. P. 11(c)(2). The Court further declines to award sanctions against John Brennan.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendants' Motions for Rule 11 Sanctions are **GRANTED IN PART AND DENIED IN PART**. The motions are **GRANTED** in that the Court hereby imposes sanctions in the amount of $3,000.00 against Plaintiff's counsel Charles Rominger. One half of that amount shall be paid to the Googasian Defendants and the remaining half shall be paid to Defendant Mester. The motions are **DENIED** in all other respects.

    **IT IS SO ORDERED**.

                                                                 S/Sean F. Cox  
                                                                 Sean F. Cox  
                                                                 United States District Judge

Dated: December 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2006, by electronic and/or ordinary mail.

                                                                 S/Jennifer Hernandez  
                                                                 Case Manager